IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:21-cv-016 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| THIRTY-THREE THOUSAND TWENTY AND 00/100 DOLLARS ($33,020.00) IN UNITED STATES CURRENCY, *et al.*, | : : | |
| Defendants. | : | |

## DEFAULT JUDGMENT IN A CIVIL CASE
## AND DECREE OF FORFEITURE OF THE DEFENDANT

[ ] **Jury verdict.** This action came before the Court for a trial by Jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** The action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

[x] **Decision by Court.** This action was decided without a trial or hearing.

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture. (Doc. No. 22.) The instant motion seeks a default judgment against Defendant 1, Thirty-Three Thousand Twenty and 00/100 Dollars ($33,020.00) in United States Currency; Defendant 2, a 2013 Chrysler 300, VIN: 2C3CCAAGXDH589019, with all attachments thereon; Anthony Hart; Ebonie Simmons; and all other persons and entities who might have an interest in the defendants. The motion also seeks a decree of forfeiture against the defendants.

The United States filed a Verified Complaint for Forfeiture *In Rem* on January 12, 2021, against Defendant 1, Thirty-Three Thousand Twenty and 00/100 Dollars ($33,020.00) in United States Currency; and Defendant 2, a 2013 Chrysler 300, VIN: 2C3CCAAGXDH589019, with all attachments thereon (the "defendants"). (Doc. No. 1.) Jason M. Barnes, who is a Task Force Officer with the Drug Enforcement Administration, verified the complaint. (*Id.*)

The complaint alleges that Defendant 1 is subject to forfeiture under 21 U.S.C. § 881(a)(6) because it represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. (*Id.*) The complaint also alleges that Defendant 2 is subject to forfeiture under 21 U.S.C. § 881(a)(4) because it was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1). (*Id.*)

A Warrant of Arrest *In Rem*, issued by the Court on January 14, 2021, directed the United States Marshals Service ("USMS"), the Drug Enforcement Administration, any duly authorized law enforcement officer, or their delegates to arrest the defendants. (Doc. No. 3.) In accordance with the warrant, the USMS arrested the defendants, bringing them within the jurisdiction of the Court. (Doc. No. 4.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the potential claimant's attorney of the following: 1) the date when the notice was sent, 2) the

deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A).

The United States represents that it has sent direct notice of this action with a copy of the complaint to all known potential claimants. Specifically, on January 28, 2021, the United States sent direct notice and a copy of the complaint by regular and certified mail to potential claimants Anthony Hart, individually and through his attorney, Jon Paul Rion, Esq., and Ebonie Simmons. (Doc. No. 7.) The notice advised the potential claimants that the deadline for filing a claim was March 5, 2021. (Doc. No. 7-1.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days. The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on January 16, 2021, for 30 consecutive days. (Doc. No. 8.)

On March 15, 2021, Anthony Hart ("Hart") filed a Claim (Doc. No. 6), asserting an interest the defendants, and he filed an Answer (Doc. No. 5) to the complaint.

In the related criminal case, Hart entered into a Plea Agreement with the United States on or about February 11, 2022, in which he knowingly and voluntarily withdrew his Claim and Answer in this civil forfeiture case and consented to the forfeiture of the defendants. (Doc. No. 17-1 at ¶ 7.)

On April 22, 2022, the Clerk of this Court entered a default against the defendants, under Rule 55(a) of the Federal Rules of Civil Procedure, for failure to plead or otherwise defend as required by law. (Doc. No. 21.)

No person or entity other than Hart has filed a claim to the defendants or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby ORDERED that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, a default judgment is granted to the United States against the following:

1. Defendant 1, Thirty-Three Thousand Twenty and 00/100 Dollars ($33,020.00) in United States Currency;

2. Defendant 2, a 2013 Chrysler 300, VIN: 2C3CCAAGXDH589019, with all attachments thereon;

3. Anthony Hart;

4. Ebonie Simmons; and

5. All other persons and entities who might have an interest in the defendants, for failure to file a claim and answer in accordance with 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, and DECREED that:

1. All right, title, and interest in the defendants is CONDEMNED and FORFEITED to the United States because Defendant 1 represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846, and is therefore subject to forfeiture under 21 U.S.C.

§ 881(a)(6); and Defendant 2 was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in 21 U.S.C. § 881(a)(1), and is therefore subject to forfeiture under 21 U.S.C. § 881(a)(4);

2. All right, title, and interest in the defendants is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The United States Marshals Service, the Drug Enforcement Administration, or an authorized agent thereof shall dispose of the defendants in accordance with the law;

4. The Court shall retain jurisdiction to enforce the terms of this Order; and

5. This case is terminated on the docket of this Court.

**IT IS SO ORDERED.**

Date: April 28, 2022

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE